**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JENNIFER EXNER, individually, and as Administrator of the Estate of John Jay Exner, Deceased,** | ) <br> ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| **-vs-** | ) <br> ) |
| **ROBERT F. EBEL, MANINDERJIT LAMBU SINGH, SCHNEIDER NATIONAL CARRIERS, INC., a Nevada Corporation, EAN HOLDINGS, LLC, a Delaware Limited Liability Company,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

**COMPLAINT**

NOW COMES the Plaintiff, JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased ("Plaintiff"), by and through her attorneys, GORDON, GORDON & CENTRACCHIO, LLP and complains of Defendants, ROBERT F. EBEL ("Defendant Ebel"), MANINDERJIT LAMBU SINGH ("Defendant Singh"), SCHNEIDER NATIONAL CARRIERS, INC., a Nevada Corporation ("Defendant Schneider"), and EAN HOLDINGS, LLC, a Delaware Limited Liability Company ("Defendant EAN"), as follows:

**Jurisdiction**

1. At all times relevant, John Jay Exner ("Decedent") resided in Fargo, North Dakota.

2. Jenifer Exner is a resident of Fargo, North Dakota, and has been appointed as the Administrator of the Estate of John Jay Exner.

3. At all times relevant, Defendant Ebel resided in Homer Glen, Will County, Illinois.

4.     At all times relevant, Defendant Singh resided in Oak Creek, Milwaukee County, Wisconsin.

5.     At all times relevant, Defendant Singh was employed as a truck driver for Defendant Schneider.

6.     At all times relevant, Defendant Schneider was incorporated in Nevada, headquartered in Wisconsin and maintained a registered agent in Chicago, Cook County, Illinois.

7.     At all times relevant, Defendant EAN was a Delaware Limited Liability Company that conducted business and maintained a registered agent in Chicago, Cook County, Illinois.

8.     That the amount in controversy exceeds $75,000 and thus jurisdiction is based on 28 U.S.C. Section 1332.

## Allegations Common to All Counts

9.     That this case is a re-filed case having been voluntarily dismissed without prejudice on April 26, 2023.

10.    At all times relevant, Decedent was employed as a truck driver for Donegal Services, based in Lemont, Illinois.

11.    On August 22, 2020, Decedent dropped off a truck on behalf of Donegal Services and was given a rental car, paid for by Donegal, to drive back home ("the rental car").

12.    The rental car was a 2020 Toyota Camry and was owned by Defendant EAN.

13.    The rental car was maintained and controlled by Defendant EAN.

14.    Donegal Services booked, paid for and secured delivery of the rental car from Defendant EAN for Decedent to use.

15.    On said date, Decedent was operating Defendant EAN's vehicle, and was traveling southbound on I-55.

16.     As Decedent was operating said vehicle at said time and place, upon information and belief, the vehicle began to malfunction, causing Decedent to pull off onto the shoulder of southbound I-55 just past the Cass Ave. exit in Downers Grove, DuPage County, Illinois.

17.     On said date, time and place, Defendant Singh was operating a semi tractor and trailer, traveling southbound on I-55.

18.     On said date, time and place, Defendant Singh was operating a semi tractor and trailer in the right lane of southbound traffic which was southbound lane closest to the southbound shoulder.

19.     On said date, time and place, Defendant Singh made maneuvers to make it appear that he had intended to exit southbound I-55 at Cass Ave.

20.     At the last minute, as Defendant Singh was passing the Cass Ave. exit, Defendant Singh spontaneously and without warning, maneuvered his vehicle to remain in the rightmost lane of southbound I-55.

21.     On said date, time and place, Defendant Ebel was driving behind Defendant Singh on southbound I-55.

22.     On said date, time and place, as Defendant Singh maneuvered to exit at Cass Ave., Defendant Ebel prepared to pass Defendant Singh.

23.     On said date, time and place, when it became apparent that Defendant Singh was not going to exit at Cass Ave., Defendant Ebel, attempted to pass Defendant Singh on the shoulder of southbound I-55.

24.     On said date, time and place, when Defendant Ebel attempted to pass Defendant Singh on the shoulder of southbound I-55, Defendant Ebel struck the rear of the Decedent's rental

car and then struck the side of the Defendant Singh's semi tractor (hereinafter referred to as "the collision").

25.     As a result of the collision, Decedent succumbed to his injuries on August 23, 2020.

**COUNT I – NEGLIGENCE**
**JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased**
**v. Robert F. Ebel**

26.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 25 herein as set fully forth as paragraph 26 of Plaintiff's Complaint.

27.     At all times relevant, Decedent was in the exercise of due care and caution for his own safety and the safety of others.

28.     On said date, time, and place, Defendant Ebel owed to Decedent, a duty to operate, maintain and control his motor vehicle in a safe and lawful manner.

29.     Notwithstanding said duty, at said time and place, Defendant Ebel was guilty of one or more of the following careless and negligent acts or omissions:

a)  Operated his motor vehicle without keeping a proper and sufficient lookout;

b)  Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

c)  Attempted to pass on the right of Defendant Singh in violation of 625 ILCS 5/11-703(a);

d)  Drove on the shoulder in violation of 625 ILCS 5/11-709.1(a);

e)  Followed to closely to Defendant Singh in violation 625 ILCS 5/11-710;

f)  Failed to yield the right away to the Decedent in violation 625 ILCS 5/11-907.5;

g)  Operated his motor vehicle in a dangerous and reckless manner;

h)  Was otherwise negligent in the operation of his motor vehicle so as to cause a collision with the Decedent's vehicle.

30.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant Ebel, his vehicle came into contact causing a collision with Decedent's vehicle.

31.     As a direct and proximate result of the aforementioned collision, Decedent was killed.

WHEREFORE, Plaintiff, JENNIFER EXNER, as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, ROBERT F. EBEL, in an amount in excess of $75,000.00, plus costs.

## COUNT II – NEGLIGENCE
**JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased
v. MANINDERJIT LAMBU SINGH**

32.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 - 25 herein as paragraph 32 of Plaintiff's Complaint.

33.     At all times relevant, Decedent was in the exercise of due care and caution for his own safety and the safety of others.

34.     On said date, time, and place, Defendant Singh owed to Decedent a duty to operate, maintain and control his semi tractor and trailer vehicle in a safe and lawful manner.

35.     Notwithstanding said duty, at said time and place, Defendant Singh was guilty of one or more of the following careless and negligent acts or omissions:

a)  Operated his motor vehicle without keeping a proper and sufficient lookout;

b)  Failed to decrease speed so as to avoid colliding with another vehicle, in violation of 625 ILCS 5/11-601(a);

c)  Failed to safely transition between lanes in violation of 625 ILCS 5/11-709(a);

d)  Operated his motor vehicle in a dangerous and reckless manner;

e)  Failed to yield to the right away to the Decedent in violation 625 ILCS 5/11-907.5;

f) Was otherwise negligent in the operation of his semi tractor so as to cause a collision with the Decedent's vehicle, which was lawfully present.

36.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant Singh, Defendant Ebel's vehicle came into contact with the Decedent's vehicle and Defendant Singh's semi tractor.

37.     As a direct and proximate result of the aforementioned collision, Decedent was killed.

WHEREFORE, Plaintiff, JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, MANINDERJIT LAMBU SINGH, in the amount in excess of $75,000.00, plus costs.

## COUNT III– RESPONDAET SUPERIROR
### JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased v. SCHNEIDER NATIONAL CARRIERS INC., a Nevada Corporation

38.     Plaintiff re-alleges and restates Paragraphs 1 – 25, and 32 - 37 as though fully set forth herein as Paragraph 28 of Plaintiff's Complaint.

39.     At all times relevant, Defendant Schneider was responsible for the semi tractor and trailer driven by Defendant Singh, which was then and there being operated by its duly authorized agent, servant and/or employee, Defendant Singh.

40.     At all times relevant, Defendant Singh was acting within the scope of his employment for Defendant Schneider.

41.     On said date, time, place and location, Defendant Schneider had a duty, at all times relevant hereto, to prevent such negligent acts or omissions from occurring and is vicariously liable under the doctrine of respondent superior for such negligent acts or omissions of its duly authorized agent, servant and/or employee, Defendant Singh.

WHEREFORE, Plaintiff, JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, SCHNEIDER NATIONAL CARRIERS, INC, a Nevada Corporation, in an amount in excess of $75,000.00, plus costs.

## COUNT IV – NEGLIGENCE
**JENNIFER EXNER as Administrator of the Estate of John Jay Exner, Deceased
v. EAN HOLDINGS, a Delaware Limited Liability Company**

42.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 - 25 herein as paragraph 42 of Plaintiff's Complaint.

43.     At all times relevant, Defendant EAN Holdings was the registered owner of the 2020 Toyota Camry.

44.     At all times relevant Defendant EAN Holdings had a  duty to properly maintain the 2020 Toyota Camry in a safe and usable manner.

45.     Despite said duty, Defendant EAN Holdings failed to maintain the 2020 Toyota Camry in a safe and usable manner and provided an unsafe vehicle to the Decedent.

46.     As a direct and proximate result of one or more of the foregoing acts and/or omissions, the vehicle malfunctioned causing the Decedent to stop in the southbound shoulder of I-55 just past the Cass Ave. exit, where Decedent was struck and killed.

WHEREFORE, Plaintiff, JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, EAN HOLDINGS, LLC, a Delaware Limited Liability Company, in an amount in excess of $75,000.00, plus costs.

## COUNT V – WRONDFUL DEATH
**JENNIFER EXNER,  as Administrator of the Estate of John Jay Exner, Deceased
v. Robert F. Ebel**

47.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 31 herein as set fully forth as paragraph 47 of Plaintiff's Complaint.

48.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Defendant, Ebel, Decedent was fatally injured, and the decedent's surviving family has been deprived and will continued to be deprived of the love, care and support that the Decedent would have provided.

49.     JENNIFER EXNER brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, ROBERT F. EBEL, in an amount in excess of $75,000.00, plus costs.

### COUNT VI – WRONDFUL DEATH
### JENNIFER EXNER,  as Administrator of the Estate of John Jay Exner, Deceased
### v. MANINDERJIT LAMBU SINGH

50.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 25 and 32 -37 herein as set fully forth as paragraph 50 of Plaintiff's Complaint.

51.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Defendant, Singh, Decedent was fatally injured, and the decedent's surviving family has been deprived and will continued to be deprived of the love, care and support that the Decedent would have provided.

52.     JENNIFER EXNER brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, MANINDERJIT LAMBU SINGH, in the amount in excess of $75,000.00, plus costs.

## COUNT VII– WRONGFUL DEATH
### JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased
### v. SCHNEIDER NATIONAL CARRIERS INC., a Nevada Corporation

53.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 25 and 32 -41 herein as set fully forth as paragraph 53 of Plaintiff's Complaint.

54.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Defendant, Schneider, Decedent was fatally injured, and the decedent's surviving family has been deprived and will continued to be deprived of the love, care and support that the Decedent would have provided.

55.     JENNIFER EXNER brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, SCHNEIDER NATIONAL CARRIERS, INC, a Nevada Corporation, in an amount in excess of $75,000.00, plus costs.

## COUNT VIII– WRONGFUL DEATH
### JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased
### v. EAN HOLDINGS, a Delaware Limited Liability Company

56.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 25 and 42 - 46 herein as set fully forth as paragraph 56 of Plaintiff's Complaint.

57.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Defendant, EAN, Decedent was fatally injured, and the decedent's surviving family has been deprived and will continued to be deprived of the love, care and support that the Decedent would have provided.

58.     JENNIFER EXNER brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, EAN HOLDINGS, LLC, a Delaware Limited Liability Company, in an amount in excess of $75,000.00, plus costs.

## COUNT IX – SURVIVAL ACTION
### JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased
### v. Robert F. Ebel

59.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 31 herein as set fully forth as paragraph 59 of Plaintiff's Complaint.

60.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Defendant, Ebel, Decedent was fatally injured, and experienced severe pain and suffering, incurred medical and funeral expenses as well as loss of past and future income as a result of the Defendant's negligence.

61.     JENNIFER EXNER brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/27 et seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, ROBERT F. EBEL, in an amount in excess of $75,000.00, plus costs.

## COUNT X – SURVIVAL ACTION
### JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased
### v. MANINDERJIT LAMBU SINGH

62.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 25 and 32 - 37 herein as set fully forth as paragraph 62 of Plaintiff's Complaint.

63.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Defendant, Singh, Decedent was fatally injured, and

experienced severe pain and suffering, incurred medical and funeral expenses as well as loss of past and future income as a result of the Defendant's negligence.

64.     JENNIFER EXNER brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/27 et seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, MANINDERJIT LAMBU SINGH, in an amount in excess of $75,000.00, plus costs.

## COUNT XI– SURVIVAL ACTION
**JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased**
**v. SCHNEIDER NATIONAL CARRIERS INC., a Nevada Corporation**

65.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 25 and 32 - 41 herein as set fully forth as paragraph 65 of Plaintiff's Complaint.

66.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Defendant, Schneider,  Decedent was fatally injured, and experienced severe pain and suffering, incurred medical and funeral expenses as well as loss of past and future income as a result of the Defendant's negligence.

67.     JENNIFER EXNER brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/27 et seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, SCHNEIDER NATIONAL CARRIERS INC., in an amount in excess of $75,000.00, plus costs.

## COUNT XII– WRONGFUL DEATH
**JENNIFER EXNER, as Administrator of the Estate of John Jay Exner, Deceased**
**v. EAN HOLDINGS, a Delaware Limited Liability Company**

68.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 – 25 and

42 - 46 herein as set fully forth as paragraph 68 of Plaintiff's Complaint.

69.     That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of Defendant, EAN, Decedent was fatally injured, and experienced severe pain and suffering, incurred medical and funeral expenses as well as loss of past and future income as a result of the Defendant's negligence.

70.     JENNIFER EXNER brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/27 et seq.

WHEREFORE, Plaintiff, JENNIFER EXNER, as the Administrator of the Estate of John Jay Exner, Deceased, demands judgment against Defendant, EAN HOLDINGS, in an amount in excess of $75,000.00, plus costs.

GORDON GORDON & CENTRACCHIO, LLP




_/s/ Joesph Ryan_
JOSEPH RYAN


GORDON GORDON & CENTRACCHIO, LLP
211 W. Wacker Dr., Suite 550
Chicago, IL 60606
(312) 332-5200
ARDC No.: 6275826
j.ryan@ggclaw.com
Rule 11 Service: service@ggclaw.com
_Attorneys for Plaintiff_